## BURGESS v. STANDARD OIL CO.

(Circuit Court of Appeals, Seventh Circuit. January 6, 1920.)

### No. 2697.

MASTER AND SERVANT ⬭302(1)—MASTER NOT LIABLE FOR ACTS OF SERVANT NOT IN COURSE OF DUTY.

An employer *held* not chargeable with liability for acts or omissions of an employé sent to deliver a can of oil at a building in assisting an employé of the building at his request to operate an elevator on which the can was to be placed for carriage; such service having no relation to the duties of his employment.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Action at law by Anna Burgess against the Standard Oil Company. Judgment for defendant, and plaintiff brings error. Affirmed.

David S. Eisendrath, of Chicago, Ill., for plaintiff in error.

John A. Bloomingston, of Chicago, Ill., for defendant in error.

Before BAKER, EVANS, and PAGE, Circuit Judges.

PAGE, Circuit Judge. Plaintiff sued to recover damages for personal injuries, and prosecutes this writ of error because the trial court instructed the jury to return a verdict for the defendant.

Packages for the County Building, in Chicago, are taken in on an elevator, which, when not in use, is in the basement under metal doors, that are in and form a part of the sidewalk on Randolph street. It is claimed that defendant's teamster, arriving at the County Building with a can of oil, went into the basement to find some one to receive it. The chief engineer of the County Building sent him to McGlynn, a county employé. McGlynn asked the teamster to go up and give three raps on the metal doors, and said that he (McGlynn) would bring the elevator up and take the oil in. After hearing the teamster, as McGlynn supposed, stamp three times with his foot on the iron shutters, McGlynn immediately started the elevator upward, and that raised the metal doors, thereby injuring plaintiff, who was just walking over the doors.

The sole reason why the master is responsible for the wrongs of his servant is because he is doing the master's business. It is not necessary to cite authorities to show that, when he is doing a thing for somebody else, the master is not liable. Standard Oil Co. v. Anderson, 212 U. S. 215, 221, 29 Sup. Ct. 252, 53 L. Ed. 480. The utmost that De Lude had to do for the defendant, in connection with the elevator, was to place the can of oil upon its platform after it arrived at the sidewalk level. The charge here is that he undertook, on behalf of the defendant, that the defendant would protect the public against the operation of the elevator by the county's employé. This was not within the line of his duty, and the defendant is not liable.

The cases cited by plaintiff are nearly all coal hole cases, and differ essentially from the case here. In those cases the instrumentalities

used were necessary in the performance of the work undertaken and their use and operation were necessarily wholly within the control of the defendants.

If the injury was in fact caused by the negligence of the teamster in the manner charged, it was the personal negligence of the teamster, and not chargeable to the defendant.

The judgment of the District Court is affirmed.